UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARANDEEP S. SODHI, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| KENNETH T. CUCCINELLI, Senior | § | Civil Action No. 3:20-CV-02923-X |
| Official Performing the Duties of the | § | |
| Director, U.S. Citizenship and | § | |
| Immigration Services; and GREGORY | § | |
| A. RICHARDSON, Director of Texas | § | |
| Service Center, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

In August 2020, U.S. Citizenship and Immigration Services denied plaintiff Charandeep Sodhi's application to change his nonimmigrant status. Sodhi filed a complaint for relief to challenge the denial of his application. U.S. Citizenship and Immigration Services responded with a motion to dismiss for lack of jurisdiction. [Doc. No. 9]. For the reasons stated below, the Court **GRANTS** the motion to dismiss.

### I. Factual Background

Sodhi lawfully entered the United States and held H-1B status as a temporary foreign worker. In July 2018, Sodhi filed an I-539 application to change his status to F-1 (meaning foreign student), but Citizenship and Immigration Services denied it in March 2019 on the grounds that Sodhi failed to abide by their "bridge the gap" policy.[1]

---

[1] This policy allows foreign students with F-1 status to be admitted into the United States 30 days before their studies begin. However, if a student's nonimmigrant status will expire more than 30 days before their studies start and the student wants to stay in the United States, the student has

Sodhi filed a complaint with this Court two months later, requesting review of this allegedly "unlawful denial."[2] Soon afterwards, Citizenship and Immigration Services reopened Sodhi's I-539 application and requested further evidence, so the district court dismissed his case for lack of jurisdiction.[3] Sodhi responded to the request. A few months later, Citizenship and Immigration Services issued its notice of intent to deny, and Sodhi responded again with additional evidence. After reviewing the extra evidence that Sodhi provided, Citizenship and Immigration Services denied his application for a status change due partially to Sodhi's "criminal record and period of unauthorized employment."[4] Sodhi filed this case asking the Court to overturn Citizenship and Immigration Services' decision.

## II. Legal Standards

A Rule 12(b)(1) motion to dismiss challenges subject-matter jurisdiction.[5] Federal courts lack subject-matter jurisdiction when they have no statutory or constitutional authority to adjudicate a claim.[6] The plaintiff asserting jurisdiction bears the burden of proof that jurisdiction exists for a Rule 12(b)(1) motion.[7] When considering a Rule 12(b)(1) motion, the Court "must accept all factual allegations in

---

to maintain valid status somehow until the 30-day period starts—i.e., "bridge the gap." *See* Doc. No. 1 at 7–8.

[2] Doc. No. 1 at 9 (referencing *Sodhi v. Cuccinelli*, Civ. No. 3:19-CV-01473, (N.D. Tex. Jan. 17, 2020) (Godbey, J.)).

[3] *See Sodhi*, Civ. No. 3:19-CV-01473, Doc. No. 16.

[4] Doc. No. 9 at 3.

[5] *See* FED. R. CIV. P. 12(b)(1).

[6] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

[7] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

2

the plaintiff's complaint as true."[8]  "A court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[9]

Congress barred courts from reviewing Citizenship and Immigration Services' discretionary decisions about adjustment and change of immigrant and nonimmigrant status.[10]  Under section 1258, "[t]he Secretary of Homeland Security may, under such conditions as he may prescribe, authorize" a change of nonimmigrant status for a lawfully admitted alien.[11]

### III. Analysis

Sodhi first argues that section 1252(a)(2)(B)(ii)'s jurisdictional bar does not apply because Citizenship and Immigration Services did not deny his application "within any statutorily-specified discretionary authority" because Citizenship and Immigration Services' regulations allegedly require an written finding of eligibility before the approval or denial of a change in nonimmigrant status.[12]  Sodhi bases this argument on two then-current federal regulations governing review of nonimmigrant status applications.  The first, now amended, previously read: "Where an applicant

---

[8] *Den Norske Stats Oljeselskap As v. HeereMac Vof,* 241 F.3d 420, 424 (5th Cir. 2001).

[9] *Id.* at 424.

[10] *See* 8 U.S.C. § 1252(a)(2)(B)(ii) (stating that actions taken by the Secretary of Homeland Security under "authority . . . specified under this subchapter to be in the discretion of the . . . Secretary of Homeland Security" are not subject to judicial review); *see also Zhou v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005) (clarifying that section 1252(a)(B)(ii) strips courts "only of jurisdiction to review discretionary authority *specified in the statute*.").

[11] 8 U.S.C. § 1258(a).

[12] Doc. No. 11 at 1, 3–4.

3

or petitioner demonstrates eligibility for a requested change of status, it may be granted at the discretion of [the Department of Homeland Security]."[13] The second provision states:

> If the evidence submitted with the benefit request establishes eligibility, [Citizenship and Immigration Services] will approve the benefit request, except that in any case in which the applicable statue or regulation makes the approval of a benefit request a matter entrusted to [Citizenship and Immigration Services'] discretion, [Citizenship and Immigration Services] will approve the benefit request only if the evidence of record establishes both eligibility and that the petitioner or applicant warrants a favorable exercise of discretion. If the record evidence establishes ineligibility, the benefit request will be denied on that basis.[14]

Drawing from the language of these two regulatory provisions, Sodhi argues that Citizenship and Immigration Services lacks the authority to use its discretion until after a written determination of eligibility is made.[15]

Sodhi asks the Court to find in favor of his own interpretation of section 1258. In other words, Sodhi wants the Court to substitute Sodhi's discretion for that of Citizenship and Immigration Services. This the Court cannot do.

"In interpreting statutes, this Court begins with the text of the statute."[16] The plain text of section 1258 states that Citizenship and Immigration Services may authorize changes to nonimmigrant status based on "such conditions as he *may*

---

[13] Inadmissibility on Public Charge Grounds, 84 Fed. Reg. 41292-01 (2019) (current version at 8 C.F.R. § 248.1(b)).

[14] 8 C.F.R. § 103.2(b)(8)(i).

[15] *See* Doc. No. 11 at 4 ("To ensure that USCIS has complied with all prescribed conditions, and to perfect its articulation of the basis for denial, USCIS must make that determination explicitly in its written decision.").

[16] *Taylor v. Acxiom Corp.*, 612 F.3d 325, 335 (5th Cir. 2010).

4

prescribe."[17] And the plain text of section 1252 bars the Court from reviewing decisions "the authority for which is specified under this subchapter to be in the discretion" of Citizenship and Immigration Services.[18] Because "permissive words grant discretion,"[19] and "may" is permissive language, the Court finds that any decision to authorize a change in nonimmigrant status falls under section 1252's jurisdictional bar. The Court sees no reason to require the magic word "discretion" when Congress's intent is blindingly clear.[20] Nor will the Court "postpon[e] the threshold question of jurisdiction" to delve the merits of Citizenship and Immigration Services' interpretation of its own regulations, as Sodhi wishes.[21]

Sodhi also argues that the Court has jurisdiction to review Citizenship and Immigration Services' decision because the Fifth Circuit has held that lower courts may review "a nondiscretionary determination" that involves "straightforward statutory interpretation and application of law to fact."[22] Sodhi posits that because Citizenship and Immigration Services stated they partially based his decision on Sodhi's decision to engage in unauthorized employment, the Court has jurisdiction to consider what "employment" means pursuant to section 1258. **Doc. No. 11 at 6–8.**

---

[17] 8 U.S.C. § 1258(a) (emphasis added).

[18] 8 U.S.C. § 1252(a)(2)(B)(ii).

[19] BRYAN A. GARNER & ANTONIN SCALIA, READING LAW 112 (2012) ("The traditional, commonly repeated rule is that . . . *may* is permissive . . . ."). The Fifth Circuit also recognizes that the word "may" implies an exercise of discretion. *See U.S. Cellular Corp. v. City of Wichita Falls, Tex.*, 364 F.3d 250, 257 (5th Cir. 2004) (finding that a city ordinance's use of "may require" allowed the city council discretion to make case-specific decisions).

[20] *See Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013) (holding that Congress need not "incant magic words in order to speak clearly" in the jurisdictional context).

[21] *Costello v. Wainwright*, 430 U.S. 325, 326 (1977).

[22] *Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 217 (5th Cir. 2003).

5

But because the Court lacks jurisdiction to review the merits of Citizenship and Immigration Services' discretionary decision under section 1258, however, any decision on the meaning of the phrase "unauthorized employment" in a related federal regulation would constitute an advisory opinion—and "federal courts . . . do not render advisory opinions."[23]

In sum, the Court finds that Citizenship and Immigration Services acted within its discretionary authority as specified under section 1258(a). Therefore, the Court is barred from reviewing the denial of Sodhi's application based on section 1252(a)(2)(B)(ii).

## IV. Conclusion

For the forgoing reasons, the Court **GRANTS** the motion to dismiss. This case is hereby **DISMISSED** for lack of jurisdiction.

**IT IS SO ORDERED** this 9th day of July, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[23] *Golden v. Zwickler*, 394 U.S. 103, 108 (1969).